UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAWN LAMONT BROWN,

      Petitioner,

      v.

JEFF MACOMBER,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  1:23-cv-00221-KES-HBK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Docs. 1, 20

Petitioner Shawn Lamont Brown is a state prisoner proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 16, 2025, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied as without merit, and that the court decline to issue a certificate of appealability.  Doc. 20.  The magistrate further recommended that the Court deny a certificate of appealability.  *Id.* at 44-45.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923

1

F.2d 1391, 1394 (9th Cir. 1991)).

After receiving an extension of time, petitioner filed objections on December 1, 2025. Doc. 23. Specifically, petitioner argues that (1) "by relying on a theory of culpability which the trial prosecutor specifically disdained, the magistrate judge's recommendation as to the sufficiency claim violated both due process and the principle of party presentation," and (2) "the trial court's failure to instruct on the defense theory states a cognizable federal claim and violates due process; rejecting the claim based on an argument the state never advanced once again violates the principle of party presentation." *Id*. at 5, 12.

Pursuant to 28 U.S.C. § 636(b)(1), this Court reviewed this case de novo. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Regarding the first argument, petitioner focuses on the prosecution's statement in their closing argument that the prosecution could not prove "who . . . Brown intended to shoot at that night," but petitioner disregards the state appellate court's finding that "the prosecutor's statements and arguments are not evidence, and [that] the jury was so instructed." Doc. 11-2 at 2352. The appellate court correctly addressed that "[w]hen evaluating whether a verdict is supported by substantial evidence, a reviewing court examines the *evidence* presented to the jury," and it reasonably found that "there is substantial evidence Brown acted with express malice . . . regardless whether the jury concluded the victim was the object of that intent or whether that intent was directed toward another target." *Id.* at 2352–53 (emphasis in original). The magistrate judge appropriately deferred to the state court's judgment, which sufficiently addressed the critical facts to support a transferred intent theory. *Id.*

As to the second argument, petitioner objects to the magistrate judge's general statement that "the failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question" because the Ninth Circuit has recognized an exception "when those offenses are consistent with defendant's theory of the case." Doc. 23 at 13; *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) (discussing *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984). But the *Solis* court "found no error in the trial court's refusal to

2

instruct on voluntary and involuntary manslaughter because there was not substantial evidence to support either charge." *Solis*, 219 F.3d at 929.  The Ninth Circuit found in that case that an involuntary manslaughter instruction was precluded because the evidence implied malice.  *Id.* at 930.  Here, the state appellate court found there was substantial evidence that Brown acted with express malice, and it determined "there was no evidence from which the jury could infer Brown acted without implied malice to warrant [an] involuntary manslaughter instruction."  Doc. 11-2 at 2382.  There is no indication the appellate court failed to consider any critical facts.  Petitioner's reliance on *Clark v. Sweeney*, 607 U.S. 7 (2025), is misplaced because his habeas claim would still fail even if a harmless error argument were considered.  Consistent with *Solis*, petitioner's habeas claim must be denied.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal; rather, an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court orders:

1.    The findings and recommendations issued on October 16, 2025, Doc. 20, are adopted in full.

2.    The petition for writ of habeas corpus, Doc. 1, is denied.

3

3.      The Court declines to issue a certificate of appealability.

4.      The Clerk of the Court is directed to close the case.


IT IS SO ORDERED.

Dated:    April 14, 2026

_____
UNITED STATES DISTRICT JUDGE

4